UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO.   8:10CV855 33 TGW

RAYMOND D. ARLOZYNSKI,

    Plaintiff,

v.

ZENITH ACQUISITION CORP.,

    Defendant.

_____/

## COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k.  Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3.    Plaintiff, RAYMOND D. ARLOZYNSKI, is a natural person, and citizen of the State of Florida, residing in Pasco County, Florida.

4.      Defendant, ZENITH ACQUISITION CORP., is a corporation and citizen of the State of New York with its principal place of business at Suite 300, 170 Northpointe Parkway, Amherst, New York 14228.

5.      Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6.      Defendant regularly collects or attempts to collect debts for other parties.

7.      Defendant is a "debt collector" as defined in the FDCPA.

8.      Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9.      Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

10.     Defendant left the following messages on Plaintiff's voice mail on or about the dates stated:

April 13, 2009
This message is for Raymond Arlozynski. This is Bill Yates calling from Zenith Acquisition. Raymond, you have a situation in my office that does require your immediate attention. We need to speak with you right away regarding this. You can reach me toll free at 866-479-6011. Again, Raymond, it would be in your best personal interest to return this call immediately. Thank you.

April 16, 2009

Raymond Arlozynski, contact Mr. Yates please with Zenith Acquisitions. I am calling you in reference to a personal business matter of yours that has been placed in my office. This needs to be resolved this month and I have some options here that I would like to run by you to see which one best suits your needs. You can reach me at 866-479-6011. This is not a sales call or a solicitation call. Again, it is in reference to a personal business matter that does require your immediate attention.

April 28, 2009
Hello, message is for Raymond Arlozynski my name is Paul Sher, I'm calling from Zenith Acquisition. I have a very important and time sensitive matter in my office, that does need immediate attention; contact me up until 9:00 PM tonight at 1-866-479-6011. The law does require me to inform you this is a communication from a debt collector. Thank you.

May 22, 2009 – Pre-Recorded Message
This is a call from Zenith Acquisition Corp. Our office would like to speak with Raymond Arlozynski in regards to reference #1004525328. If they are available, please press 1 for a live operator otherwise please have them call 1-866-799-7056. Our office hours are 8:00 AM to 9:00 PM Eastern Time and we are located at 170 Northpointe Parkway, Suite 300, Amherst, NY 14228. Thank you.

11.    Defendant left similar or identical messages on other occasions.

(Collectively, "the telephone messages").

12.    The messages are "communications" as defined by 15 U.S.C.

§1692a(2). See *Berg v. Merchs. Ass'n Collection Div.*, Case No. 08-60660-Civ-

Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

13.    Defendant failed to inform Plaintiff in the messages that the

communication was from a debt collector and failed to disclose the purpose of

Defendant's messages.

14.    Defendant knew it was required to communicate its status as a debt collector and the purpose of its call in telephone messages to Plaintiff.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

15.    Plaintiff incorporates Paragraphs 1 through 13.

16.    Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys*., 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

17.    Plaintiff incorporates Paragraphs 1 through 13.

18.    Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C

4

§1692d(6). See *Valencia v The Affiliated Group, Inc*., Case No. 07-61381-Civ-

Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008);

Wright v. Credit Bureau of Georgia, Inc., 548 F. Supp. 591, 593 (D. Ga. 1982);

and Hosseinzadeh v. M.R.S. Assocs., 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of

Plaintiff and against Defendant for:

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit; and

      c.    Such other or further relief as the Court deems proper.

**COUNT III**
**TELEPHONIC HARASSMENT AND ABUSE BY EXCESSIVE CALLING**

19.    Plaintiff incorporates Paragraphs 1 through 13.

20.    Defendant caused Plaintiff's telephone to ring repeatedly or

continuously with the intent to annoy, abuse or harass in violation of 15 U.S.C

§1692d(5). See *Sanchez v. Client Servs*., 520 F. Supp. 2d 1149, 1160-1161 (N.D.

Cal. 2007).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of

Plaintiff and against Defendant for:

      a.    Damages;

      b.    Attorney's fees, litigation expenses and costs of suit; and

      c.    Such other or further relief as the Court deems proper.

## COUNT IV
## ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

21.   Plaintiff incorporates Paragraphs 1 through 13.

22.   Defendant asserted the right to collect a debt by leaving telephone messages for Plaintiff without disclosing that it is a debt collector and the purpose of its communications when Defendant knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.   Damages;

b.   Attorney's fees, litigation expenses and costs of suit;

c.   declaring that Defendant's practices violate the FCCPA;

d.   permanently injoining Defendant from engaging in the complained of practices; and

e.   Such other or further relief as the Court deems proper.

## COUNT V
## HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER
## COLLECTION PRACTICES ACT

23.   Plaintiff incorporates Paragraphs 1 through 13.

24.   By failing to disclose that it is a debt collector and the purpose of its communication, and by telephoning Plaintiff with such frequency as can be

6

reasonably be expected to harass, Defendant willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.    Damages;

b.    Attorney's fees, litigation expenses and costs of suit;

c.    declaring that Defendant's practices violate the FCCPA;

d.    permanently injoining Defendant from engaging in the complained of practices; and

e.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this ___12___ day of April, 2010.

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
donyarbrough@mindspring.com

By:_____
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

7